# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK GROVE,**

    **Plaintiff,**

                              **Case No. 2:18-cv-1492**
                              **Judge Algenon L. Marbley**
    v.                        **Chief Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

      Plaintiff, Mark Grove, a state inmate who is proceeding without the assistance of counsel, brings this action against the Director of the Ohio Department of Rehabilitation and Correction and various officials within the Department. (ECF No. 8.) On December 28, 2018, Plaintiff was granted leave to proceed *in forma pauperis* in this action. (ECF No. 2.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's state-law claims and that he be permitted to proceed on his remaining claims.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
>   (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[1] Formerly 28 U.S.C. § 1915(d).

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff brings this action under 42 U.S.C. § 1983, naming sixteen (16) individuals as Defendants and fifty (50) unknown Doe Defendants whom he identifies as agents, servants, and

3

employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and The Ohio State University Medical Center ("OSUMC"). (*See generally* ECF No. 8.) Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs, namely a "degenerative disc disease back injury" and a "re-broken right arm Humerous bone injury," in violation of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. (*Id.*) Plaintiff's claims arise from a contract between ODRC and OSUMC that Defendant Gary C. Mohr negotiated; the ODRC's Collegial Review Board created by Defendant Mohr in 2011; and "ODRC policies, regulations, protocols, customs and usages" "created, implemented, approved, and applied" by Defendants Mohr, Andrew Eddy, M.D., John Gardner, M.D., Gary Krisher, M.D., John D. Desmarias, M.D., and Does 1-50 beginning in 2011. (*Id.* at ¶¶ 31–57.) Plaintiff goes on to assert factual allegations regarding his back injury (*id.* at ¶¶ 58–160), his re-broken right arm (*id.* at ¶¶ 201–312),[1] and the "systemic failures of ODRC's health care system" (*id.* at ¶¶ 401–07). Plaintiff asserts eight causes of action, including six claims arising under federal law and two state-law claims of fraud and negligence. (*Id.* at ¶¶ 501–37.) Plaintiff seeks declaratory and injunctive relief as well as monetary damages. (*Id.* at PAGEID ## 286–88.)

As to Plaintiff's state-law claims of fraud and negligence, state employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad

---

[1] While there are no paragraphs numbered 161 through 200, and 408 through 500, the Complaint filed with the Court shows consecutive pages with no numbered pages apparently missing. (*See* ECF No. 8 at pp. 39–40 & PAGEID ## 234–35; pp. 81–82 & PAGEID ## 276–77.) The undersigned therefore presumes that this reflects an error in numbering paragraphs rather than an incomplete Complaint with missing pages.

faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. However, the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86 . . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Defendants, state employees, may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

As to his federal claims, Plaintiff's factual allegations supporting his claims under Section 1983 extend from early 2011 through at least early 2018. (ECF No. 8 at ¶¶ 58–160, 201–312, 401–07.) Here, Ohio's two-year statute of limitations governs Plaintiff's claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."). The "limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (internal quotation marks and citation omitted). However, the running of the statute of limitations may be tolled if a plaintiff shows a "continuing violation."

*Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). "[A] 'continuous violation' exists if: (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided." *Broom v. Stri*ckland, 579 F.3d 553, 555 (6th Cir. 2009) (quoting *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009).

In this case, Plaintiff, apparently anticipating a statute of limitations defense, characterizes his claims as continuing violations and/or as claims not discoverable by him until a time that falls within the applicable statute of limitations. (ECF No. 8 at ¶¶ 501–20.) The undersigned is unable to determine the merits of his arguments on this limited record. Accordingly, while it is recommended that Plaintiff's federal claims may proceed at this junction, the undersigned expresses no opinion as to the timeliness or merits of these claims at this time.

## III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's state-law claims be **DISMISSED** for lack of subject matter jurisdiction. It is **FURTHER RECOMMENDED** that Plaintiff be allowed to proceed on his federal claims at this juncture. However, the undersigned again expresses no opinion as to the merits of Plaintiff's remaining claims or whether these claims are timely filed.

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: January 18, 2019         /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                CHIEF UNITED STATES MAGISTRATE JUDGE