**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK GROVE,** | : | |
| | : | **Case No. 2:18-CV-1492** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **OHIO DEPARTMENT OF** | : | |
| **REHABILITATION AND CORRECTION,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before the Court on the Magistrate Judge's January 18, 2019, **Report and Recommendation** (ECF No. 11), which recommended that Plaintiff's state law claims be **DISMISSED** for lack of subject matter jurisdiction. The Magistrate Judge also recommended, after the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915(a), that the Plaintiff be permitted to proceed on his remaining federal law claims. (*Id*). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis.

## I. BACKGROUND

Mr. Grove brings six causes of action pursuant to 42 U.S.C. § 1983, alleging that Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), et al., acted with a deliberate indifference to his medical needs in violation of the Eighth Amendment. Further, Mr. Grove brings claims of fraud and negligence under Ohio state law. He alleges that the Defendants, acting individually and collectively, tortuously interfered with his ability to receive adequate medical care and committed fraud by purposely concealing facts regarding his injuries.

(ECF No. 1 at 87). Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs, namely a degenerative disc disease back injury and a re-broken right arm Humerous bone injury. (ECF No. 11 at 4). Additionally, Plaintiff recites factual allegations regarding the systemic failures of ODRC's health care system. (*Id).*

Mr. Grove, a state inmate who is proceeding without the assistance of counsel, timely filed an Objection to the Report and Recommendation. (ECF No. 12).

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  Here, because Defendants have filed specific objections to the Report and Recommendation, the Court reviews the recommended disposition *de novo*.

## III.     LAW AND ANALYSIS

Plaintiff raises the following objections to the Report and Recommendation: first, the recommendation that the Plaintiff's state law claims be dismissed without prejudice for lack of subject matter jurisdiction; and second, that the Plaintiff's complaint not be limited to his back injury claims, his re-broken right arm claims, or his systemic failures of ODRC's health care system. (ECF No. 12).

## A.     Dismissal Without Prejudice

Plaintiff first argues that the Magistrate Judge erred by dismissing the state law claims by failing to include "without prejudice." (ECF No. 12). Under Rule 12(b)(1), dismissals for lack of subject matter jurisdiction are presumed not on the merits. *Roger's v. Stratton Industries, Inc.,* 798 F.2d 913, 917 (6th Cir. 1986). Because this Court does not have subject matter jurisdiction over the Plaintiff's state law claims, the dismissal is presumed without prejudice. *See* Fed. R. Civ. P. 12(b)(1). Federal Courts cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity. *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). The Report and Recommendation cites and discusses *Haynes*; therefore, the Magistrate Judge did not err by neglecting to specify "without prejudice" in her dismissal, because the dismissal is presumed without prejudice.

## B.     Limiting the Plaintiff's Complaint

The Plaintiff's second objection concerns the Magistrate Judge's enumeration of his claims and factual allegations regarding his back injury, his re-broken right arm, and the systemic failures of the ODRC's health care system. (ECF No. 12). The Plaintiff seeks to clarify that his complaint not be limited to these claims and allegations. (*Id).* Generally, the party who brings a suit is the master of the suit and controls the claims brought against the opposing party. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913). The Report and Recommendation only recites these claims as an example, indicating that they are a few to take note of out of others that are cited, and does not attempt to modify anything brought forth in the suit. (ECF No. 11). Specifically, discussing the Plaintiff's complaint, the Magistrate Judge writes, "Plaintiff goes on to assert factual allegations regarding his back injury, his re-broken

right arm, and the systemic failures of ODRC's health care system. Plaintiff asserts eight causes of action, including six claims arising under federal law and two state-law claims…" (ECF No. 11 at 4) (internal citations omitted). The remaining factual allegations set forth in paragraph three of the Objection by the Plaintiff will not be affected as a result of the Magistrate Judge's decision to cite a few of his claims. Therefore, the Magistrate Judge did not limit the Plaintiff's Complaint by citing only a few of his claims. The Plaintiff remains the master of his suit and controls all the claims he brings against the Defendant.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.  Plaintiff's state law claims are **DISMISSED**.

**IT IS SO ORDERED.**

_____ **s/ Algenon L. Marbley** _____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 7, 2019**