# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARK GROVE,**

    **Plaintiff,**

        **Case No. 2:18-cv-1492**
        **Judge Algenon L. Marbley**
  **v.**        **Chief Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Mark Grove, a state inmate who is proceeding without the assistance of counsel, brings this action against several Defendants, including the Ohio Department of Rehabilitation and Correction ("ODRC"). (ECF No. 8.) On January 18, 2019, the undersigned performed an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. (ECF No. 11.) Having performed the initial screen, the undersigned recommended that the Court dismiss Plaintiff's state-law claims and that he be permitted to proceed on his remaining claims. (*Id.*) On June 7, 2019, the presiding District Judge adopted this recommendation, dismissing Plaintiff's state-law claims. (ECF No. 16.)

The undersigned realizes now, however, that the status of ODRC as a Defendant in this action was inadvertently omitted from the Initial Screen Report and Recommendation. (*See*

*generally* ECF No. 11.) Accordingly, the undersigned does so now. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing, *inter alia*, that "the court *shall* dismiss the case at any time if the court determines that . . . [the case] fails to state a claim on which relief may be granted") (emphasis added).

Plaintiff has failed to state plausible claims for relief against ODRC. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against ODRC is appropriate. *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

For these reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendant Ohio Department of Rehabilitation and Correction be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

Having so concluded, the United States Marshal Service is **DIRECTED** to suspend its efforts to serve Defendant Ohio Department of Rehabilitation and Correction (*see* ECF No. 48) <u>if it has not already done so</u>, pending a ruling on this Report and Recommendation. The Clerk is **DIRECTED** to serve a copy of this Order and Report and Recommendation on Defendant Ohio Department of Rehabilitation and Correction at the address listed on the alias summons (ECF No. 48 at PAGEID # 531): 770 W. Broad Street, Columbus, Ohio 43222.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  August 26, 2019             /s/ *Elizabeth A. Preston Deavers*
                                   ELIZABETH A. PRESTON DEAVERS
                                   CHIEF UNITED STATES MAGISTRATE JUDGE