IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK GROVE,**

    **Plaintiff,**

                                        **Case No. 2:18-cv-1492**
                                        **Chief Judge Algenon L. Marbley**
      **v.**                                   **Chief Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Mark Grove, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting a variety of claims against multiple Defendants. This matter is before the Court for consideration of several motions. (ECF Nos. 19, 39, 40, 52, 70, 89.) For the reasons that follow, the Motions for More Definite Statement filed by Defendants Gary Atrip, Ms. Bottorff, Beth Higginbotham, Andrew Eddy, M.D., Corby Free, and John Gardner, M.D. (ECF Nos. 19, 39) are **GRANTED** and Plaintiff's Motions (ECF Nos. 70 and 89) are **DENIED AS MOOT** and it is **RECOMMENDED** that the Motions to Dismiss filed by Defendants Joseph S. Yu, M.D., Hisham M. Awam, M.D., Edward A. Michelson, M.D., and Robert C. Ryu, M.D. (ECF Nos. 40, 65) be **DENIED WITHOUT PREJUDICE**.

**I.**

On December 28, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. (ECF No. 7.) Thereafter, the undersigned conducted an initial screen and recommended that Plaintiff's state-law claims be dismissed and that Plaintiff be permitted to

proceed on his federal claims, but specifically expressed no opinion as to the merits of Plaintiff's remaining claims or whether these claims were timely filed.  (ECF No. 11.)  The Court later adopted this recommendation and dismissed the state-law claims.  (ECF No. 16.)  On June 7, 2019, the Clerk issued summons as to the Defendants.  (ECF No. 17.)  On the same day, the Court directed the United States Marshal to make service of process, by certified mail, on Defendants and specifically advised Plaintiff that he had ninety days in which to effect service of process.  (ECF No. 18.)  Plaintiff ultimately effected service on Defendants Andrew Eddy, M.D., John Gardner, M.D., Ms. Bottoroff, Gary Artrip, Beth Higginbotham, Corby Free, Hisham M. Awam, M.D., Edward A. Michelson, M.D., Robert C. Ryu, M.D., and Joseph S. Yu, M.D.  (ECF Nos. 20, 21, 22, 33, 44, 54.)  Although he has requested and received an extension of time to effect service on certain Defendants, Plaintiff has not yet effected service of process on Defendants Abid I. Rana, M.D., Larry Houts, M.D., Gary Krisher, M.D., John Desmarias, M.D., Andrew J. Krieger, M.D., the Ohio Department of Rehabilitation and Correction ("ODRC"),[1] and Gary Mohr.  (ECF Nos. 25, 55, 57, 62, 80, 87.)  Plaintiff has requested additional time under Federal Rule of Civil Procedure 4(m) to serve these Defendants (ECF No. 89), and that motion remains pending.

Defendants Gary Atrip, Ms. Bottorff, Beth Higginbotham, Andrew Eddy, M.D., Corby Free, and John Gardner, M.D. have filed Motions for More Definite Statement.  (ECF Nos. 19, 39.)  Plaintiff has opposed these motions (ECF Nos. 41, 67) and Plaintiff has filed reply memoranda.  (ECF Nos. 56, 76.)  Defendants Joseph S. Yu, M.D., Hisham M. Awam, M.D., Edward A. Michelson, M.D., and Robert C. Ryu, M.D. have filed Motions to Dismiss.  (ECF

---

[1] The undersigned previously recommended that any claims asserted against ODRC be dismissed by operation of the Eleventh Amendment to the United States Constitution.  (ECF No. 52.)  Plaintiff has objected to this recommendation (ECF No. 66), which remains pending.

Nos. 40, 65.) These Motions to Dismiss are also fully briefed and ripe for resolution. (ECF Nos. 79, 84, 86, 88.)

## II.

**A.      Standard Applicable to Motions for More Definite Statement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but . . . [requires more than] 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). However, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Federal Rule of Civil Procedure 12(e) provides in pertinent part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The moving party must file the motion "before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*. A "motion for more definite statement 'is designed to strike at unintelligibility rather than simple want of detail[.]'" *BAC Home Loans Serv. LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2011 WL 6749066, at *2 (S.D. Ohio Dec. 22, 2011) (quoting *Jakovich v. Hill, Stonestreet & Co.*, No. 1:05-cv-2126, 2005 WL 3262953, at *3 (N.D. Ohio Nov. 30, 2005) (internal citation omitted)). A Rule 12(e) motion "'must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail.'" *Id*. (quoting *Jakovich*, 2005 WL 3262953 at *3 (internal citation omitted)). "In light of the modern practice of notice

3

pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts." *Id*. (citing *Monsul v. Ohashi Technica U.S.A., Inc.*, No. 2:08-cv-958, 2009 WL 2430959, at *4 (S.D. Ohio Aug. 6, 2009)).  However, "[w]hen it is virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief, a motion for a more definite statement is appropriate." *Bostic v. Davis*, 15-cv-3929, 2017 WL 784814, at *2 (S.D. Ohio 2017) (citing *In re Laurel Valley Oil Co.*, No. 05–64330, 2012 WL 2603429, at *2 (N.D. Ohio 2012)).  Accordingly, "'shotgun pleadings' are generally disfavored by courts."  *Id.*  (citing *Lasson v. Brannon & Assocs.*, No. 3:07-cv-0271, 2008 WL 471537, at *4–5 (S.D. Ohio Feb. 15, 2008)); *see also Muhammad v. Love's Travel Stops*, No. 3:18-cv-341, 2019 WL 2210770, at *2 (S.D. Ohio May 22, 2019) (recommending, *inter alia*, that the defendants' motion for more definite statement be granted where the *pro se* plaintiff's complaint "presents 6 'claims' over the course of nearly 15 pages[,]"the plaintiff's "factual allegations in these pages are unmoored from the particular legal claims he might be raising[,]" "the Complaint provides the heading 'Facts Of Plaintiff's Case,' which is followed by 46 Counts . . . over the course of 50-plus pages[,]" and finding that the complaint "appears be more akin to stream-of-conscience allegations than a short and plain statement that both adheres to Rule 8(a)(2) and strives to state a plausible claim for relief"), *adopted by* 2019 WL 2422397, at *1 (S.D. Ohio June 10, 2019); *Ortiz v. Ocwen Loan Serv., LLC*, No. 3:14-cv-1050, 2014 WL 5037209, at *3 (N.D. Ohio Oct. 8, 2014) (granting the defendant's motion for more definite statement where "the claims of negligence are intertwined with federal claims under RESP and should be separated so that all are clear as to the specific causes of action") (citations omitted); *Sanders v. Amerimed, Inc.*, 17 F. Supp.3d 700, 706 (S.D. Ohio 2014) (ordering the plaintiff to amend his

complaint to clarify a claim where the "complaint is ambiguous because it incorporates all of the preceding paragraphs, thereby combining claims").

**B.      Discussion**

Defendants Bottorff, Atrip, Higginbotham, Free, Eddy, and Gardner (collectively, "the Moving Defendants") argue that the Court should grant their Motions for More Definite Statement and order Plaintiff to file an Amended Complaint because the original Complaint is a "classic 'shotgun complaint'" that contravenes Federal Rule of Civil Procedure 8, spanning "nearly **102 pages** including a hodgepodge of claims[.]"  (ECF No. 19 at 3 (emphasis in original); ECF No. 39 at 3 (emphasis in original).)  The Moving Defendants further argue that "[t]he primary problem with Plaintiff's Complaint is that he refers to defendants in a collective bunch rather than attempting to relate each allegations to a specific Defendant[,]" which does not sufficiently put the Moving Defendants on notice of the allegations asserted against them and permit them to properly answer those allegations.  (ECF No. 19 at 4–5; ECF No. 39 at 4–5.)  Plaintiff disagrees, contending that the Complaint meets the requirements under Rule 8 and is not so vague and ambiguous that the Moving Defendants cannot reasonably prepare a response.  (ECF No. 41 at 1; ECF No. 67 at 2.)  Plaintiff goes on to identify the specific paragraph numbers setting forth claims against each of the Moving Defendants.  (ECF No. 41 at 2–11; ECF No. 67 at 3–12.)  In reply, the Moving Defendants contend that Plaintiff's opposition citing to specific paragraphs against them simply highlights their inability to reasonably prepare a response to the Complaint.  (ECF No. 56 at 3–4; ECF No. 76 at 3–4.)  In support, the Moving Defendants underscore that Plaintiff admits, *inter alia*, that allegations against Defendant Atrip are contained in 171 paragraphs (ECF No. 56 at 3), allegations against Defendant Free "are dispersed throughout 370 paragraphs" (ECF No. 76 at 3), allegations against Defendant Eddy "are

5

contained in 133 paragraphs" (*id*.), allegations against Defendant Gardner "are dispersed throughout approximately 150 paragraphs" (*id*.), and that Plaintiff scatters his allegations against "Defendants" "throughout the 537 paragraphs of the 102 page complaint" (*id.*; ECF No. 56 at 3). The Moving Defendants therefore insist that Plaintiff's Complaint is a "classic 'shotgun pleading[,]'" requiring the Court to grant their Motions for More Definite Statement so that they can be sufficiently on notice of the allegations asserted against them. (ECF No. 56 at 4; ECF No. 76 at 4.) The Moving Defendants go on to ask that, if the Court grants their Motions, the Court impose a thirty-page limitations for the forthcoming Amended Complaint. (*Id*.)

The Moving Defendants' arguments are well taken. For the reasons they explain, the Complaint violates Rule 8 by failing to contain "a short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Considering the Complaint (ECF No. 8) and Plaintiff's opposing memoranda (ECF Nos. 41, 67), the Court concludes that the Moving Defendants cannot reasonably be expected to prepare a meaningful response to the Complaint as presently formulated. *Davis v. City of Memphis Fire Dep't*, No. 11-3076, 2012 WL 2000713, at *3 (W.D. Tenn. May 31, 2012) (granting motion for more definite statement where "requiring any of the Defendants to prepare a responsive pleading to the Second Amended Complaint would severely prejudice Defendants" because "[e]ach paragraph of the Second Amended Complaint is full of factual allegations, some of them vague and ambiguous, but all of them requiring a response" and "one paragraph is at least one full page of text. Defendants cannot reasonably be expected to respond to such unclear, lengthy allegations"); *Crawford v. Aerotek, Inc*., No. 09-12932, 2010 WL 11590748, at *2 (E.D. Mich. June 23, 2010) (granting the defendant's motion for more definite statement where "given the narrative, stream-of-consciousness, construction of plaintiff's complaint, it would be virtually impossible for

defendant to parse the complaint so that it can answer each allegation with an admission, denial, or inability to admit or deny, in accordance with its own pleading obligations").

For these reasons, the Moving Defendants' Motions for More Definite Statement (ECF Nos. 19, 39) are **GRANTED**. Plaintiff is **ORDERED** to file an Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order. Plaintiff is **ADVISED** that the forthcoming Amended Complaint shall **NOT EXCEED THIRTY (30) PAGES** and shall contain a short and plain statement against each named Defendant that includes only those allegations necessary to give that Defendant adequate notice of the claims against him or her. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Stated differently, the forthcoming Amended Complaint should be a stand-alone filing that does not refer to or incorporate by reference any other filing, including the original Complaint, and must contain ALL of the claims against ALL of the Defendants (not just the Moving Defendants) he wishes to pursue in this action.[2]

In addition, the Court notes that Plaintiff attached exhibits to his original Complaint. (*See* ECF No. 8.) Plaintiff is **ADVISED** that the Court will consider exhibits "if such materials are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Beaver Cty. Ret. Bd. v. LCA-Vision, Inc.*, No. 1:07-CV-750, 2009 WL 806714, *4 (S.D. Ohio Mar. 25, 2009) (citing *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Cor*p., 413 F.3d 553, 560 (6th Cir. 2005)). "The determination of whether a document is 'integral' to the complaint is within the court's discretion and is guided by the judicial notice standards of Federal Rule of Evidence 201." *Id.* (citing *In re Cardinal Health, Inc., Sec. Litig*., 426 F. Supp.

---

[2] As previously discussed, the Court already dismissed Plaintiff's state law claims and the recommendation that ODRC be dismissed remains pending.

2d 688, 712 (S.D. Ohio 2006)); *see also* Fed. R. Evid. 201(b) (providing that a judicially-noticed fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Defendants who were named in the original Complaint who have already been served with a copy of the original Complaint and who are also named in the forthcoming Amended Complaint must file a response to the Amended Complaint within **FOURTEEN (14) DAYS** of service of the Amended Complaint. Defendants who were named in the original Complaint but not yet served and who are also named in the forthcoming Amended Complaint as well as Defendants named for the first time in the Amended Complaint (but not in the original Complaint) shall be served with process within **NINETY (90) DAYS** from the date of this Opinion and Order.

Finally, Plaintiff is **ADVISED** that failure to comply with this Opinion and Order to file a timely Amended Complaint could result in the recommendation that the action be dismissed or, if a non-compliant Amended Complaint is filed, may strike the pleading, or issue any other appropriate order. *See Shelby v. Greystar Mgmt. Servs.*, L.P., No. 2:17-cv-02650, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (granting motion for more definite statement and advising the plaintiff that "if he fails to comply [with a more definite statement within fourteen days], the court may strike the pleading or issue any other appropriate order); *Crawford*, 2010 WL 11590748, at *2 (advising that the plaintiff's "failure to comply with this Order [directing that the plaintiff file an amended complaint by a certain deadline] could result in a recommendation that her complaint be dismissed with prejudice").

**III.**

In light of the foregoing, Plaintiff's pending motions (ECF Nos. 70, 89) are **DENIED AS MOOT** and it is **RECOMMENDED** that the Motions to Dismiss filed by Defendants Yu, Ryu, Awan, and Michelson (ECF Nos. 40, 65) be **DENIED WITHOUT PREJUDICE** to renewal following the filing of the forthcoming Amended Complaint.

**IV.**

For all these reasons, the Motions for More Definite Statement filed by Defendants Gary Atrip, Ms. Bottorff, Beth Higginbotham, Andrew Eddy, M.D., Corby Free, and John Gardner, M.D. (ECF Nos. 19, 39) are **GRANTED** and Plaintiff's Motions (ECF Nos. 70 and 89) are **DENIED AS MOOT**. Plaintiff is **ORDERED** to file an Amended Complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order. Plaintiff is **ADVISED** that the forthcoming Amended Complaint shall **NOT EXCEED THIRTY (30) PAGES** and shall contain a short and plain statement against each named Defendant that includes only those allegations necessary to give all Defendants adequate notice of the claims against them. Plaintiff is **ADVISED** that failure to comply with this Opinion and Order to file a timely Amended Complaint could result in the recommendation that the action be dismissed or, if a non-compliant Amended Complaint is filed, may strike the pleading, or issue any other appropriate order.

Defendants who were named in the original Complaint who have already been served with a copy of the original Complaint and who are also named in the forthcoming Amended Complaint must file a response to the Amended Complaint within **FOURTEEN (14) DAYS** of service of the Amended Complaint. Defendants who were named in the original Complaint but not yet served and who are also named in the forthcoming Amended Complaint as well as Defendants named for the first time in the Amended Complaint (but not in the original

Complaint) shall be served with process within **NINETY (90) DAYS** from the date of this Opinion and Order.

Finally, in light of the foregoing, it is **RECOMMENDED** that the Motions to Dismiss filed by Defendants Joseph S. Yu, M.D., Hisham M. Awam, M.D., Edward A. Michelson, M.D., and Robert C. Ryu, M.D. (ECF Nos. 40, 65) be **DENIED WITHOUT PREJUDICE**.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date:  January 21, 2020                     /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            CHIEF UNITED STATES MAGISTRATE JUDGE