IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK GROVE,                                :
                                           :     Case No. 2:18-CV-1492
        Plaintiff,                         :
                                           :     JUDGE ALGENON L. MARBLEY
   v.                                      :
                                           :     Magistrate Judge Deavers
GARY C. MOHR,                              :
*et al.*,                                  :
                                           :
        Defendants.                        :

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation and Opinion and Order (ECF No. 93). For the reasons outlined below, this Court **AFFIRMS** Judge Deavers' order **GRANTING** the Motions for More Definite Statement by Defendants Bottorff, Artrip, Higginbotham (ECF No. 19) and Defendants Free, Eddy, Gardner (ECF No. 39). This Court **AFFIRMS in part and REVERSES** in part the order **DENYING AS MOOT** Plaintiff's Motion to take Judicial Notice (ECF No. 70) and Motion for Extension of Time (ECF No. 89). This Court **ADOPTS** Judge Deavers' report and recommendation and **DENIES WITHOUT PREJUDICE** the Motions to Dismiss filed by Defendant Yu (ECF No. 40) and Defendants Ryu, Awan, and Michelson (ECF No. 65). The report and recommendation recommending dismissal of claims against the ODRC is **REVERSED in part** (ECF No. 52), but no action is required until Plaintiff files his amended complaint.

I.      BACKGROUND

Mr. Grove is a prisoner incarcerated in the Chillicothe Correctional Institution. He brings this action, pro se, alleging a violation of his constitutional rights. Mr. Grove brings six causes of

action pursuant to 42 U.S.C. § 1983, alleging that Defendants, Gary Mohr and various medical providers, acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. (ECF No. 8). Mr. Grove also brought claims of fraud and negligence under Ohio state law, but this Court dismissed those claims for lack of subject matter jurisdiction. (ECF No. 16). The complaint is directed at approximately 16 named officials (medical practitioners as well as Gary C. Mohr, the former director of the Ohio Department of Rehabilitation and Correction) as well as several unnamed John Doe defendants. Several of the Defendants filed Motions for a More Definite Statement and Motions to Dismiss. On January 21, 2020, Judge Deavers addressed these motions in an opinion and order and report and recommendation, ordering in relevant part that Plaintiff file an amended complaint that clearly and succinctly states his legal claims. (ECF No. 93). Defendant timely objected. (ECF No. 99, No. 100).

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation on a dispositive matter, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). A magistrate judge's order as to a non-dispositive matter is reviewed under a different standard. Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court shall apply a "clearly erroneous or contrary to law" standard of review to such matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A Magistrate Judge's factual findings are reviewed pursuant to the "clearly erroneous" standard, "while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994).

A legal ruling is "contrary to law" when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). A factual finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Sourander v. Hanft*, No. 18-CV-11162, 2019 WL 140494, at *1 (E.D. Mich. Jan. 9, 2019) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### III. LAW AND ANALYSIS

#### A. Dismissal of ODRC (ECF No. 52)

In a report and recommendation issued on August 26, 2019, Judge Deavers recommended dismissal of Defendant, Ohio Department of Rehabilitation and Correction ("ODRC"), on the basis that claims against the ODRC are barred by the Eleventh Amendment of the United States Constitution. (ECF No. 52 at 2). Plaintiff objects to this report and recommendation, arguing that he has never listed the ODRC as a defendant, and believes that the ODRC was mistakenly substituted as a defendant in place of Gary C. Mohr. (ECF No. 66 at 2-3). Plaintiff's objection is **SUSTAINED** since it appears that his complaint was directed to Gary C. Mohr, as director of the ODRC, and not to the ODRC itself.

To the extent that Plaintiff seeks compensatory damages against Defendant Mohr in his official capacity, however, such claims are barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). While it is true that state officials "literally are persons," suits against state officials in their official capacity are "no different from a suit against the State itself" since they are "a suit against the official's office." *Id.* Additionally, claims made against a public official in their official capacity do not terminate when the official leaves office;

instead, the "officer's successor is automatically substituted as a party." See Fed. R. Civ. P. 25(d).

It appears that Plaintiff has brought claims against Defendant Mohr in both his official and individual capacity, for compensatory, injunctive, and declaratory relief. While suits for compensatory damages are barred against officials in their official capacity, "suits for prospective injunctive relief brought against state officials in their official capacities" are not. *Allen v. Ohio Dep't of Rehab. & Correction*, 128 F. Supp. 2d 483, 490–91 (S.D. Ohio 2001) (citing *Quern v. Jordan,* 440 U.S. 332, 337 (1979)). To the extent that Plaintiff seeks injunctive and declaratory relief against Defendant Mohr in his official capacity, such claims are construed as claims against the office of the Director of ODRC, currently occupied by Annette Chambers-Smith, and are permitted to move forward. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation.").

Accordingly, Plaintiff's official capacity claims against the Director of the ODRC are **DISMISSED** to the extent they seek compensatory relief, but permitted to move forward to the extent he seeks declaratory and injunctive relief. The Court declines to address the merits of Plaintiff's case at this time, reserving the issue of whether Plaintiff has adequately pled any claims for injunctive or declaratory relief for after all Defendants have been served. The report and recommendation recommending dismissal of all claims against the ODRC is **REVERSED in part** (ECF No. 52). No action is required at this time, however, since Plaintiff will be filing an amended complaint. Once Plaintiff has filed an amended complaint and summons form, this Court will direct, by separate order, the U.S. Marshal service to effect service on any newly added or yet-unserved defendants.

### B. Motions for More Definite Statement (ECF No. 19, No. 39)

In an opinion and order dated January 21, 2020, Judge Deavers granted two Motions for More Definite Statements filed by Defendants Bottorff, Artrip, Higginbotham (ECF No. 19) and Defendants Free, Eddy, Gardner (ECF No. 39). Plaintiff has objected to this order, arguing that his 109-page complaint was "not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." (ECF No. 99 at 7).

Since Judge Deavers' order on the Motions for More Definite Statements is a non-dispositive order, Judge Deavers' order will be affirmed unless her legal findings are "contrary to law" or her factual findings "clearly erroneous." *See Rogers v. AK Steel Corp.*, No. C-1-96-987, 1998 WL 1753590, at *2 (S.D. Ohio Apr. 16, 1998) (noting that a "magistrate's order regarding amendments to pleadings is non-dispositive" ruling).

In their Motions for More Definite Statements, the above-mentioned Defendants requested that the Court order Plaintiff to amend the complaint to provide greater details as to the specific actions of each Defendant that Plaintiff claims violated his rights. (ECF No. 19; 39). Defendants take issue with Plaintiff's complaint because he "refers to defendants in a collective bunch rather than attempting to relate each allegation to a specific Defendant." (ECF No. 19 at 4; ECF No. 39 at 4). The Defendants that have filed Motions to Dismiss have moved for dismissal for similar reasons. They argue that Plaintiff's complaint does not "delineate his allegations against [a particular defendant] from the litany of other defendants, named, and unnamed, in his Complaint." (ECF No. 40 at 2). Even where a particular Defendant is mentioned, they argue that Plaintiff's claims "are difficult to discern" since the factual allegations recited against a particular Defendant are not tied to Plaintiff's legal claims. (ECF No. 65 at 2)

Federal Rule Civil of Procedure 12(e) allows a party to request a more definitive pleading when the current pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 8(a)(2) further requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 12(e) motions are generally disfavored by federal courts, these motions are granted when the complaint is "so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading." *Soumano v. Equifax Credit Info Ser., Inc.*, No. 1:16-CV-313, 2016 WL 4007094, at *2 (S.D. Ohio July 25, 2016), *report and recommendation adopted,* No. 1:16-CV-313, 2016 WL 4449637 (S.D. Ohio Aug. 24, 2016). Rule 12(e) motions are also appropriate when a plaintiff has crafted a "shotgun pleading" making it difficult or "impossible to know which factual allegations in a pleading are intended to support which claims for legal relief." *Bostic v. Davis*, No. 15-CV-3029, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017).

Plaintiff's complaint falls into both categories. First, the complaint is unintelligible because it refers to Defendants as a collective and does not indicate how each Defendant's individual conduct violated Plaintiff's constitutional rights. For example, paragraph 155—which is similar to numerous other paragraphs and emblematic of the issues in Plaintiff's complaint— states:

> All Defendants, acting individually and collectively, made a conscious decision to deny Plaintiff medical care free from the cruel and unusual punishment proscribed by the Eighth Amendment to the U.S. Constitution when all Defendants, acting individually and collectively, created, implemented, approved and applied the ODRC policies, regulations, protocols, contracts, customs and usages, referred to in this Complaint . . .

(ECF No. 8 at 46). Plaintiff's complaint as formulated does not put Defendants on notice of what specific actions each took that allegedly violated Plaintiff's rights because, despite its length, the claims refer to Defendants as a collective instead of specifying which actions violated Plaintiff's rights. *See McCloy v. Correction Med. Servs.*, No. 07-13839, 2008 WL 5350623, at *2 (E.D. Mich.

Dec. 18, 2008) (granting motion for more definite statement where pro se plaintiff's complaint was over 100 pages, referred to defendants as a collective, and did not specify which defendants violated which of plaintiff's rights violating Rule 8(a)(2) requirement of a "short and plain statement" of plaintiff's claim).

Second, the complaint is also crafted like a "shotgun pleading," with countless pages of factual allegations that are not clearly delineated to support a claim for legal relief. *Bostic v. Davis*, No. 15-CV-3029, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017) (granting motion for more definite statement where complaint was structured so poorly that it was "virtually impossible to know which factual allegations in [the] pleading are intended to support which claims for legal relief."). For example, Plaintiff recites facts relating to the enactment of a policy by certain of the Defendants (ECF No. 8 at 16-25), an extensive account of his medical history, what he was prescribed, and how he was treated (ECF No. 8 at 25-39), without identifying how specifically he was harmed by the actions of each individual Defendant.

It is true that Plaintiff's complaint is lengthy— 102 pages—but despite its length, Plaintiff fails to connect his factual allegations with his legal claims against Defendants, making his complaint almost incomprehensible. *See id*. at 62 ("All members of Defendant Mohr's July 2, 2015 Collegial Review Process, regarding my re-broken right arm Humerus bone is re-broken and completely re-severed from the bones and screws of my lower right arm at the elbow area, as described in paragraph 223 above; yet, all members of the Collegial Review Process refused to provide me access to the required surgery until April 19, 2017 . . ."). Plaintiff also frequently incorporates facts from prior sections of his complaint which do not appear relevant to the claims made in that section which makes it difficult to understand his claims. *See e.g.*, *id*. at ¶¶ 206, 208, 209, 216, 220. Requiring a pro se litigant to provide a more definite statement is appropriate where

the complaint pleads facts that are unnecessary and where the length of the complaint contravenes Rule 8's requirement of a "short and plain statement." *See Taylor v. Holiday Inns Inc.*, No. CIV. 13-10-GFVT, 2014 WL 496227, at *6 (E.D. Ky. Feb. 6, 2014) (requiring pro se litigant to file more definite statement where complaint was over thirty pages, was vague, and did not demonstrate how "facts in her case violate" cited law).

Plaintiff also objects to Judge Deaver's order requiring him to file an amended complaint as to all Defendants (and not just the moving Defendants). (ECF No. 99 at 4-6). Plaintiff argues that the non-moving Defendants waived a Rule 12(e) defense and he should only be required to file an amended complaint as to the moving Defendants. A Rule 12(e) motion for a more definite statement may only be made before a responsive pleading is filed. Fed. R. Civ. P. 12(e). None of the Defendants has filed an answer to Plaintiff's complaint and while some have filed motions to dismiss, those motions are not considered "responsive pleadings." *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008) (noting that a motion to dismiss is not considered a responsive pleading which would terminate plaintiff's right to file an amended complaint without leave of court). Additionally, the above mentioned issues with Plaintiff's complaint apply to all of the Defendants and not merely the moving Defendants.

Plaintiff has also objected to the deadline and page limits for his amended complaint. Plaintiff was given 21 days to file his amended complaint. (ECF No. 99 at 7). Plaintiff requests that he be given 120 days to file an amended complaint. *Id.* Plaintiff argues that he requires an additional 120 days due to difficulties accessing word processing computers and due to his medical condition. (ECF No. 96). Plaintiff has more recently moved for an extension of the initially imposed 21-day deadline, seeking leave to file his amended complaint by April 4, 2020. (ECF No. 101). Judge Deavers has granted this extension, permitting Plaintiff to file an amended complaint

8

by April 12, 2020. (ECF No. 102). Accordingly, Plaintiff's objection is moot given the fact that he has been granted an extension of the deadline to file an amended complaint to a date he has requested.

Plaintiff also argues that limiting his complaint to thirty pages violates his constitutional right to due process and equal protection guaranteed by the First, Fifth, and Seventh Amendments to the Constitution. (ECF No. 99 at 11). A court's order relating to page limits is a "rather ordinary practice that does not violate due process." *Ocampo v. United States*, No. 06-CR-20172, 2012 WL 7006404, at *7 (E.D. Mich. Sept. 5, 2012); *see also S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (determining that district court did not abuse its discretion by restricting page limit of party's response to 50 pages where the district court's local rules imposed a 40 page limit on all memoranda, noting that "interpretation and application of local rules are matters within the district court's discretion."). Additionally, Plaintiff is reminded that he will have an opportunity to supplement the record with further briefing as the litigation progresses. All that is required of his complaint is that it put Defendants on notice of the claims brought against them and that the complaint do so following Rule 8's requirement of a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, Judge Deaver's order granting Defendants' Motions for More Definite Statements and requiring Plaintiff to file an amended complaint was neither clearly erroneous nor contrary to law, and that decision is **AFFIRMED**.

### C. Motions to Dismiss (ECF No. 40, No. 65)

In a report and recommendation dated January 21, 2020, Judge Deavers recommended that the Motions to Dismiss filed by Defendant Yu (ECF No. 40) and Defendants Ryu, Awan, and Michelson (ECF No. 65) be denied without prejudice since Plaintiff was ordered to file an amended

9

complaint. (ECF No. 93 at 10). Judge Deaver's report and recommendation is reviewed "de novo" as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

Plaintiff objects to Judge Deaver's recommendation that the Motions to Dismiss be denied without prejudice. He argues that the motions to dismiss should be denied with prejudice on the basis of Plaintiff's response and that this Court cannot require him to file an amended complaint *sua sponte*. (ECF No. 99 at 3). As part of its exercise of its inherent powers, a district court is permitted to order a plaintiff to file an amended complaint sua sponte. *See Taylor v. City of Cleveland*, No. 1:05CV2983, 2006 WL 1982968, at *1 (N.D. Ohio July 13, 2006) ("the Court may, sua sponte, order Plaintiff to file an amended complaint that clarifies his claims "); *Dunbar v. Caruso*, No. 1:11-CV-10123-DT, 2011 WL 3474004, at *3 (E.D. Mich. July 12, 2011), *report and recommendation adopted*, No. 11-10123, 2011 WL 3473321 (E.D. Mich. Aug. 9, 2011) (noting "a court may order a more definite statement on its own initiative.") (internal quotation marks omitted).

This Court determined above that the issues with Plaintiff's complaint apply to all of the Defendants, and not merely the moving Defendants. Accordingly, it is appropriate to deny the Motions to Dismiss without prejudice so that Defendants can respond appropriately to Plaintiff's amended complaint. *See N. Am. Indus. Servs., Inc. v. Steam Generating Team, LLC*, No. 213CV02489JPMTMP, 2013 WL 12149651, at *1 (W.D. Tenn. Dec. 30, 2013) (noting that courts routinely deny motions to dismiss where a plaintiff will file an amended complaint, since "an amended complaint supersedes the original complaint, "render[ing] the initial pleading a nullity"); *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (citing *Cedar View,*

*Ltd. v. Colpetzer*, No. 5:05-CV-00782 2006 WL 456482, *5 (N.D. Ohio Feb. 24, 2006)) (noting that motions relating to an original complaint are moot upon filing an amended complaint). !

Therefore, this Court **ADOPTS** Judge Deaver's report and recommendation and **DENIES** Defendants' Motions to Dismiss without prejudice.

### D. Additional Outstanding Motions (ECF No. 70, No. 89)

Plaintiff also has two other outstanding motions. The first is a Motion to take Judicial Notice of the fact that Defendant Mohr's status as a defendant in this lawsuit has not yet been addressed after the dismissal of the ODRC. (ECF No. 70). The second is a Motion for Extension of Time to serve summons on the Defendants that have not yet been served. (ECF No. 89).

Judge Deavers ordered that both motions be denied as moot as a result of the order directing plaintiff to file an amended complaint. (ECF No. 93 at 9). Plaintiff has objected to this order, arguing that the motions remain pending since the Court has not addressed the status of Defendant Mohr and taking issue with the 90-day service deadline imposed in that order. (ECF No. 99 at 10-11). Judge Deaver's order is reviewed under the "contrary to law" standard as a non-dispositive order.

This Court has addressed Defendant Mohr's status as a litigant in this order. Accordingly, Plaintiff's Motion to take Judicial Notice is appropriately denied as moot, since the Motion's sole purpose is to draw the Court's attention to the fact that the Court had not yet addressed Defendant Mohr's status.

In the order denying as moot Plaintiff's motion for extension of time, Judge Deavers set a new deadline (90 days from the date of that order) for serving all Defendants who have not yet been served as well as any new Defendants that will be named in the amended complaint. (ECF No. 93 at 9-10). Plaintiff objects to this deadline arguing that the deadline should instead be 90-

11

days from the date the Court issues an order directing the U.S. Marshal service to serve the unserved Defendants/from the date the Amended Complaint is filed. (ECF No. 100 at 13).

Fed. R. Civ. P 4 (m) sets the deadline for serving defendants as "90 days after the complaint is filed" and mandates that an action be "dismissed without prejudice" if service is not made within the specified time. A court is permitted to extend the time for service if a plaintiff shows "good cause for the failure" to timely effect service. Additionally, filing an amended complaint does not reset the 90-day time limit for serving existing defendants. An additional 90-day time period is warranted only for defendants who are newly added to the amended complaint. *See Schlueter v. Ministry*, No. 2:17-CV-1055, 2018 WL 7892455, at *1 (S.D. Ohio Apr. 3, 2018) (noting that filing of amended complaint resets 90-day clock only as to newly added defendants). Therefore, Plaintiff will have an additional 90 days from the filing of his amended complaint to serve any newly added Defendants. It was not contrary to law or clearly erroneous, however, for Judge Deavers to deny Plaintiff's motion as moot as to the existing Defendants since Judge Deaver's order clearly extended the deadline for serving summons on the yet unserved Defendants. Accordingly, Judge Deavers' order as to these two motions is **AFFIRMED in part and REVERSED in part**. Upon filing of Plaintiff's amended complaint, Plaintiff shall have 90 days to serve any newly added defendants. Plaintiff should endeavor to serve any Defendants who were previously named but not yet served in accordance with the deadline set by Judge Deavers in her January 21, 2020 order, but is permitted to move the Court for an extension if he requires it.

## IV. CONCLUSION

For the reasons stated above, this Court **AFFIRMS** Judge Deavers' order **GRANTING** the Motions for More Definite Statement by Defendants Bottorff, Artrip, Higginbotham (ECF No. 19) and Defendants Free, Eddy, Gardner (ECF No. 39). This Court also **AFFIRMS in part**

**and REVERSES in part** the order **DENYING AS MOOT** Plaintiff's Motion to take Judicial Notice (ECF No. 70) and Motion for Extension of Time (ECF No. 89). Plaintiff shall have 90 days from the filing of his complaint to serve any newly added Defendants, and until April 20, 2020 to effect service on all Defendants already identified in his current complaint. This Court **ADOPTS** Judge Deavers' recommendation and **DENIES WITHOUT PREJUDICE** Motions to Dismiss filed by Defendant Yu (ECF No. 40) and Defendants Ryu, Awan, and Michelson (ECF No. 65). The report and recommendation recommending dismissal of claims against the ODRC is **REVERSED** (ECF No. 52).

    **IT IS SO ORDERED.**

                                            **/s/ Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: March 16, 2020**