# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**MARK GROVE,**

        **Plaintiff,**

                                    **Case No. 2:18-cv-1492**
      **v.**                             **Chief Judge Algenon L. Marbley**
                                    **Chief Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION,** *et al.*,

        **Defendants.**

## ORDER

Plaintiff, a state prisoner currently incarcerated at the Chillicothe Correctional Institution, and proceeding without counsel, brings this civil rights action under 42 U.S.C. § 1983. This matter currently is before the Court on Plaintiff's motion for an extension of time. (ECF Nos. 139.) Through this motion, Plaintiff seeks an extension of time both to complete service on the remaining unserved defendants and to respond to the pending motion to dismiss filed by Defendants Dr. Hisham M. Awan, Dr. Edward A. Michelson, Dr. Robert C. Ryu, Dr. Joseph S. Yu and Dr. Andrew J. Krieger ("collectively the "OSU Defendants"). For the following reasons, the motion is **GRANTED.**

Turning first to Plaintiff's request for an extension of time to respond to the OSU Defendants' motion to dismiss, Plaintiff seeks an extension until December 16, 2020, to respond. The OSU Defendants have not filed a response opposing this motion and the time for doing so now has passed. Accordingly, the Court will grant Plaintiff's extension request as unopposed.

However, Plaintiff is **ADVISED** that this will be the **final extension** granted with respect to this motion. While the Court has been mindful of Plaintiff's expressed COVID concerns, Plaintiff's

attached declaration indicates that he has chosen not to utilize the tables made available to CCI inmates to undertake activities including legal work and is otherwise unable to complete his legal work within his cell because it is painful.  (*See* ECF No. 139, at pp. 26-28, incorporating by reference ECF No. 119-1, at p.7.)  Plaintiff is not contending that he is being denied access to legal materials necessary to prepare a response.  In fact, his declarations explain that the institution's COVID protocol allows for "legal to be answered via kite and copies will be sent to the unit secretaries for them to disperse to the inmate via cash slip."  (ECF No. 119, at p. 5.)

 Plaintiff also requests an extension of time to complete service on Defendants Krisher, and Rana[1].  Because, as detailed in the record, Plaintiff has attempted to serve these Defendants in accordance with the Court's previous orders, these Defendants remain unserved, and the responding Defendants have not meaningfully objected to Plaintiff's requested extension, Plaintiff has established good cause for an extension of the service deadline. Accordingly, the Motion for Extension of Time is **GRANTED** to the extent Plaintiff seeks until December 14, 2020, to complete service on Defendants Rana and Krisher as set forth below.

First, the Court has confirmed that the Clerk's Office currently is in possession of all necessary service documents for these Defendants as submitted by Plaintiff.  Further, according to the Court's docket, certified mail service was attempted on Defendant Rana at the address provided by Plaintiff and was returned as "Refused"  (ECF No.127.)[2]  In his motion, Plaintiff notes his diligence in attempting to serve Defendant Rana and questions what he seems to

---

[1] Plaintiff's service odyssey is well-documented in both his filings and the record of this case as a whole.  For this reason and in the interest of brevity, the Court will not detail it here.

[2] The address provided by Plaintiff and indicated on the mailing envelope is Ohiohealth Urgent Care, 6905 Hospital Drive, Ste 130, Dublin, OH 43016.  (ECF No. 127.)

perceive as irregularities in the course of the certified mail service in this case.[3] He further notes

that, as a prisoner proceeding pro se and *in forma pauperis*, he is "dependent on court-officers to

issue and serve all process." Under the circumstances as described in Plaintiff's motion, the

Court construes his motion as a request for an alternate form of service as to this Defendant.

Local Rule 4.2(c), consistent with Ohio R. Civ. Pro. 4.6(C), permits service by ordinary mail in

cases in which service by certified mail has been refused. The Clerk of Court shall serve a copy

of the complaint, the first amended complaint, the summons, and this Order upon the Defendant

Rana by ordinary mail, with all costs of service to be advanced by the Court. The Clerk shall

note the date of mailing on the docket sheet of this record as proof of mailing. *See Harris v.*

*Cooley*, No. 1:17-CV-540, 2017 WL 6546616, at *2 (S.D. Ohio Dec. 22, 2017) (ordering service

by regular mail upon motion by pro se plaintiffs proceeding *in forma pauperis* where certain

defendants had refused to accept service by certified mail.)

Additionally, with respect to Defendant Krisher, for some reason unbeknownst to the

Court, service on this defendant was attempted at the Chillicothe Correctional Institution.

However, the summons submitted by Plaintiff was addressed to this defendant at the Ross

Correctional Institution. (ECF No. 129.)[4] Accordingly, the Clerk of Court shall serve a copy of

the complaint, the first amended complaint, the summons, and this Order upon Defendant

Krisher by certified mail, with all costs of service to be advanced by the Court. Service shall be

---

[3] While the Court is not persuaded that any irregularities in the course of service on Defendant
Rana occurred here, the Court notes that certified mail service by the United States Marshal has
not been without challenges during the current pandemic.
[4] This docket entry contains a letter from the secretary for CCI's Warden explaining that service
was accepted in error because Defendant Krisher no longer works there. The entry also contains
a copy of the summons directed to Defendant Krisher at 16149 S.R. 104, Chillicothe, OH 45601,
which is the address of the Ross Correctional Institution.

made on this Defendant at Ross Correctional Institution, 16149 S.R. 104, Chillicothe, OH 45601,

as set forth in the summons provided by Plaintiff. The Clerk shall note the fact of this mailing on

the docket.

Finally, although not addressed in Plaintiff's motion, the docket reflects that service on

Defendant Houts also remains incomplete.  The certified mail directed to him at 17273 S.R. 104,

Chillicothe, OH 45601 was returned with a "Return to Sender" designation on August 6, 2020.

(ECF No.136.)   The docket previously had indicated that service on Defendant Houts had been

completed.  (ECF No. 121.)  Based on this earlier docket entry, the Ohio Attorney General filed

an Answer on Defendant Houts' behalf setting forth the following caveat:

> The docket reflects that service has been executed on Defendant Houts (Doc. 121) but no request for representation has been made. Under O.R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Should Defendant Houts make a request for representation, the Ohio Attorney General could statutorily be obligated to offer representation under O.R.C. § 109.361. This constitutes the State's interest. *Id.*

The Attorney General's explanation that Defendant Houts did not request representation is

consistent with the failure of service. Accordingly, if Plaintiff intends to serve Defendant

Houts, he is required to either provide an updated address for this Defendant or request an

alternative form of service.  Service on Defendant Houts must likewise be completed in

the same time frame requested by Plaintiff for service on Defendants Rana and Krisher.

For the reasons stated above, Plaintiff's motion for an extension of time (ECF No. 139) is **GRANTED.**  Plaintiff's Response to the OSU Defendant's motion to dismiss is due on or before December 16, 2020.  **No further extensions of time for Plaintiff's response to this motion will be granted.**  Plaintiff shall complete service on Defendants Rana, Krisher, and Houts no later than December 14, 2020.  Finally, to the extent that Plaintiff's motion may be construed as requesting the appointment of counsel, for the reasons stated by the Court in previous orders, any such request is **DENIED.**

**IT IS SO ORDERED.**


Date:   October 19, 2020                               _____/s/ *Elizabeth A. Preston Deavers*_
                                                       ELIZABETH A. PRESTON DEAVERS
                                                       CHIEF UNITED STATES MAGISTRATE JUDGE