## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MARK GROVE,**

     **Plaintiff,**

                                  **Case No. 2:18-cv-1492**
                                  **Chief Judge Algenon L. Marbley**
     **v.**                            **Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTION,** *et al.*,

     **Defendants.**

### REPORT AND RECOMMENDATION AND ORDER

By letter filed May 7, 2021, Harley C. Grove, sister of Plaintiff Mark Grove, advised the Court that Mr. Grove passed away on April 27, 2021. (ECF No. 164.) On May 17, 2021, the Court issued an Order construing this filing as a formal suggestion of death for purposes of Federal Rule of Civil Procedure 25. (ECF No. 165.) On May 20, 2021, the Clerk mailed a copy of the Order by certified mail to Harley Grove at the address listed on her correspondence. (ECF No. 167.) On June 2, 2021, an acknowledgment of service was filed reflecting Ms. Grove's receipt of the Order on May 27, 2021. (ECF No. 168.)

Federal Rule of Civil Procedure 25(a) sets forth the procedure to be followed when a party dies during the proceedings. It provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a). "The majority of courts have interpreted Rule 25(a) as

requiring two affirmative steps to trigger the running of the deadline by which a motion for substitution must be made." *Jones v. Prison Health Servces*, No. 11-12134, 2014 WL 117326, at *2 (E.D. Mich. Jan. 13, 2014) "'First, the notice of death must be made upon the record.'" *Id.* (citations omitted). "Second, the suggestion of death must be served upon the parties, as provided in Rule 25, and upon 'nonparties,' as provided in Rule 4." *Id.* "In other words, there is a general obligation to serve the notice of suggestion of death upon the decedent's successor or representative." *Id*

Here, it was Plaintiff's sister, a non-party, who advised the Court as to her brother's death by letter. Upon receipt, the Court issued an Order construing the letter as a suggestion of death for purposes of Fed.R.Civ.P. 25. A copy of the Order was served on Plaintiff's sister by certified mail. (ECF No. 168.) More than 90 days have passed since her confirmed receipt of that Order. In response, she has not moved for substitution nor made any other filings indicating an intention to pursue this prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. In light of this circumstance, it is **RECOMMENDED** that this case be dismissed with prejudice. *See Greene v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 3:18-CV-00509, 2019 WL 5190990, at *2 (M.D. Tenn. Oct. 15, 2019), *report and recommendation adopted*, No. 3:18-CV-00509, 2019 WL 5719325 (M.D. Tenn. Nov. 5, 2019 (recognizing that, although Rule 25(a)(1) uses the phrase "must be dismissed," it does not specify whether the dismissal "must be *with prejudice*" but such dismissal was appropriate where deceased's successor had not expressed any interest in pursuing claims).

For these reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITH PREJUDICE.** Further, the Clerk is **DIRECTED** to serve a copy of this Report and Recommendation and Order on Harley Grove at 150 Margaret Boykin Road, Odum, GA 31555, by certified and regular mail.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation* ("R&R"), that party may, within fourteen days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to this R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**DATED: September 15, 2021**     /s/ *Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**